# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0829, <u>Edward Arsenault & a. v. Town of Raymond</u>, the court on August 7, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioners, Edward Arsenault and Donna Arsenault, appeal an order of the Superior Court (<u>Delker</u>, J.) dismissing their petition against the respondent, the Town of Raymond, in which they sought a writ of mandamus compelling the town to enforce a settlement agreement that it had entered into with the owners of property abutting their lot. The trial court ruled that the petitioners had pleaded no facts establishing they were third-party beneficiaries of the agreement and, thus, that they lacked standing to seek its enforcement. The trial court also construed the petition as seeking to compel the town to enforce its zoning ordinances, and reasoned that, because the enforcement of ordinances is discretionary, and because the petitioners had alleged no facts establishing that the town had acted arbitrarily or in bad faith in not enforcing the ordinances, the petitioners were not entitled to mandamus relief. On appeal, the petitioners argue that the trial court erred by: (1) finding that they were not third-party beneficiaries of the settlement agreement; (2) construing their petition as a request to compel the town to enforce its zoning ordinances; (3) depriving them of a remedy; and (4) not finding that the town acted in an arbitrary and unreasonable manner in failing to enforce the agreement.

As the appealing parties, the petitioners have the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the petitioners' challenges to it, the relevant law, and the record submitted on appeal, we conclude that the petitioners have not demonstrated reversible error. <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**